
## SOLOMON & SCHEIDT LLP
### ATTORNEYS AT LAW
A NEW YORK LIMITED LIABILITY PARTNERSHIP

| 300 FRANK W. BURR BLVD. | 450 SEVENTH AVENUE | 118-35 QUEENS BLVD. |
| SUITE 53, 2ND FL. | 36TH FL. | SUITE 1205 |
| TEANECK, NJ 07666 | NEW YORK, NY 10123 | FOREST HILLS, NY 11375 |
| (201) 705-1470 | (212) 594-7070 | (718) 483-7870 |
| (201) 705-1472 (FAX) | (212) 268-8529 (FAX) | (718) 261-5013 (FAX) |

MOSHIE SOLOMON*
PETER SCHEIDT°
* ADMITTED IN NY AND NJ
° ADMITTED IN NY

PLEASE RESPOND TO THE
NEW JERSEY OFFICE

July 25, 2008

**Via Mail**

Honorable Richard M. Berman
United States District Judge
United States District Court, S.D.N.Y.
500 Pearl St., Room 650
New York, NY 10007

MEMO ENDORSED
p. 4

Re:   Walters v. Darden, *et al.*, Case No. 08cv03352 (RMB) (HBP)

Dear Judge Berman:

This firm is counsel to Pamela Darden and Sam Marcove (listed in the caption as "John Doe") in the referenced action. We intend to file a motion to dismiss this case under Fed. R. Civ. P. 12(b), and we hereby respectfully request a pre-motion conference, or alternatively a waiver of such requirement to allow us to file the motion without the necessity of such conference. We are also enclosing a copy of this firm's Notice of Appearance and related affirmation of service, both of which will be filed with the Court.

1. **Factual Background**

On or about December 27, 2001, Walters contracted with Freight All Kinds, Inc., through its agent, defendant Darden, to pick up a trailer load of Campbell soup from a facility in North Carolina and deliver the load to a warehouse located in Central Islip, New York. The cargo was to be delivered by no later than December 29, 2001. Instead of delivering the cargo by the expected delivery date, Walters simply vanished somewhere between North Carolina and New York. After losing communication with Walters for almost a week, Darden contacted the

Honorable Richard M. Berman
July 25, 2008
Page 2 of 3

Robeson (North Carolina) County Sheriff Department and filed a report listing the cargo as stolen. On the same date, after the report was filed, Walters contacted Darden and told her that his truck had broken down at the Vince Lombardi Service Area on the New Jersey Turnpike, but refused to give her any further information. Darden immediately dispatched a driver to the location, but was unable to find the trailer or the cargo. Thus began a game of cat and mouse, as Darden tried repeatedly to contact Walters and get further information from him, but without much success. Finally, on January 9, 2002, the New Jersey State Police arrested Walters. On January 14, 2002, the police located and recovered most of the cargo at a warehouse in Bronx, New York.

**2. Reasons For Dismissal Under Fed. R. Civ. P. 12(b)**

The complaint states that "the action arises under and is brought pursuant to 42 U.S.C. Section 1983 to Remedy the deprivation, under color of State Law, of Rights guaranteed by the First, Fourth, Sixth, Eighth, Fourteenth amendments to the United States Constitution." Complaint at ¶ 15. The complaint should be dismissed under Fed. R. Civ. P. 12(b) for a number of reasons.

First, the statute of limitations has long expired on this cause of action. Under New York law, the statute of limitations for a claim under 42 U.S.C. § 1983 is three years. *Owens v. Okure*, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The cause of action accrued upon Walters' arrest on January 9, 2002, and expired three years later on January 9, 2005. The complaint does not contain any factual allegations that would allow Walters to argue that the limitations period had been tolled since the accrual of the cause of action on January 9, 2002.

Second, the Complaint never states how Darden and Marcove, both private actors never acting under the color of state law, violated Walter's civil rights under 42 U.S.C. § 1983. The

Honorable Richard M. Berman
July 25, 2008
Page 3 of 3

complaint does not allege or even infer that either Darden or Marcove had any agreement or engaged in any concerted action with law enforcement officials to deprive Walters of his constitutional rights. There is no factual basis whatsoever in the complaint to allow a cause of action under 42 U.S.C. § 1983 as against either Darden or Marcove. Moreover, Walters does not even allege anywhere in the complaint that Marcove (or "John Doe") performed any acts whatsoever regarding the alleged deprivation of Walters' constitutional rights. Aside from the inclusion of Marcove's name in the caption, neither Marcove nor his alias "John Doe" is mentioned once in the complaint or any of the attachments to the complaint. For that reason alone, the complaint as against Marcove should be dismissed.

Third, neither Marcove nor Darden received a copy of the summons, thereby rendering service insufficient and ineffective. Finally, venue of this action should be elsewhere, since (i) at least some of the defendants reside outside of New York, (ii) most of the defendants can be found in New Jersey, and (iii) almost none of the events actually occurred in this district.

Therefore, for the reasons set forth above, we respectfully request that Your Honor grant our request for a pre-motion conference for the purpose of allowing us to file a motion to dismiss the referenced action under Fed. R. Civ. P. 12(b), or alternatively, waive the requirement for such conference and authorize the filing of the motion.

Respectfully,

Moshie Solomon

Enclosures

cc:  Honorable Henry B. Pittman, Chief United States Magistrate Judge (via mail w/ encl.)
     Ernest Walters (via mail w/ encl.)

Plaintiff may respond with a 2-3 page letter by 8/15/08 (noon). A pre-motion conference is set for 9/3/08 at 9:30 a.m.

SO ORDERED:
Date: 7/29/08

Richard M. Berman, U.S.D.J.